IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISON

IN: RE; MICHELE ANNE WASHINGTON)          CHAPTER 13
)
Debtor,                                   )          CASE NO. 20-03482-DD

TITLEMAX OF SOUTH CAROLINA,
INC.                                                 CONTESTED MATTER

    MOVANT,

Vs

MICHELE ANNE WASHINGTON
GARY A. WASINGTON, PAUL HELD
And PAMELA SIMMONS-BEASLEY, TRUSTEE

Respondents

OBJECTTION TO THE TERMINATION OF AUTOMATIC STAY imposed by 11 U.S.C $ 362, 11 362 U.S.C $1301(A) AND BREACH OF CONTRACT.

COMES NOW GARY WASHINGTON AND MICHELE WASHINGTON and hereby request Cadillac CTS (VIN: 1G6DS1EDXB0106488) owned by Debtor and Co-Debtor remain in Bankruptcy. See several attachments supporting documentation.

1. Tiltemax Contract under page 2 of 7 paragraph 3 cannot charge or receive any rate or change higher than SC law allows, in this case Bankruptcy Federal law. Attachment check for 7,000.00. The security interest in the vehicle have not been invalidated nor has the lender's ability to realize on the collateral impaired.

1

2. The property was in a bankruptcy case at time of loan, Chapter 13 case 16-02667-jw 11/13/2016 to 8/28/2020. Titlemax had no authority to loan or infringe on federal bankruptcy secured property, especially to collateralize vehicle at 133.5% interest rate. The very face of the title provided Titlemax has Automoney's lien information and was verified by Titlemax as released because payments were all fulfilled. I (Gary Washington) was called and the loan was approved. Matter of fact, she called me about ten times to come in a sign for the funds.

3. The contract is not subject to Michele Washington launching a civil suit against Titlemax for fraud and other violations as it applies to federal laws. It is made known now, any lawsuit will be requesting a jury trial and without arbitration as I (Michele Washington) have not entered into any agreement with Titlemax. There shall be no waivers concerning my rights to class action lawsuit as well.

4. The date on the contract is 10/24/2019. I (Gary) was in bankruptcy, nevertheless, I did not stop any payments through my, then Attorney Eddy Lane or Trustee William K. Stephenson. I was neither written or exposed to the fact my payments were going to other claimants.

5. Under Michele's bankruptcy **all payments were made in good faith and in full** under the prescribe bankruptcy rules to Pamela Beasley, Trustee. At no time over the six months under Chapter 13 Bankruptcy Case 20-03482 were either me or Michele notified by Paul Held or Trustee that our money was being redirected to other debtors in lieu of Titlemax. Automoney said they never received any money from Trustee. It is a fact that adequate protection payment is being made! We have the ability to repay the loan if kept within the Bankruptcy. We do not waive our right of protection of the US Bankruptcy Code. I (Gary Washington) do not believe it is legal nor fair to retrieve the vehicle of lift the stay to impoverish us more.

6. The records from Trustee will reflect money spent per bankruptcy confirmation for allocation to cover Cadillac CTS (VIN: 1G6DS1EDXB0106488). Our dispute is with Paul, Trustee and Titlemax as this is our sole reliable means of transport for both disabled veterans (me & Michele) during this pandemic that have devastated our lives. The removal of the vehicle will harm other debtors from being paid as it is our only reliable transport for me to travel for contract work.

7. We have made nearly a four-thousand-dollar payment for nearly five years to repay debtors in the previous case. At no time did Titlemax call me, email, write me a letter stating that they were not being paid. One night at approximately 11pm a "snatch truck" stole our vehicle and then hid it. This is not good faith nor do we believe it is acceptable conduct but rather abuse of the legal system and their responsibilities. Paul Held had no authority to put forth a motion to remove the vehicle from automatic stay and reduce payments for payments outside our Plan, no right nor authority. I did not consent or even know about this until Gary told me. We object to his action as it was and is without consent. We want the haring to proceed on the 8/5/2021 at 10:00am as we want this dispute on the record and evidence where I (Michele) consented to this action on our behalf. Paul seems to be leading his own case instead of representing my interest.

8. When we met in his office two days after Caddy was towed he (Paul) said that he would write a letter and get this settled with Titlemax. He said, he had an Appeal that he was behind in preparing and that he would have letter done. Nothing happened, at all, even though I called his office and sent emails to him until Titlemax sent in this request to remove stay on the vehicle.

9. We have been making payment on the vehicle since the confirmation and Paul said Beasley was taking those funds and distributing them to others since Titlemax had no claim. I am now not sure of that information. It would seem proper for her to have made us aware of this and who our money is being sent. Even so, we have never missed a payment and thought all was well since vehicle was returned to us by Titlemax. Our vehicle should not be held hostage based on Titlemax never making contact and saying there is a problem. They must have responsibility in lending that provide reasonable attempts to collect. We have not moved from our resident, changed email addresses or phone numbers. Again, the vehicle is adequately protected and in need to service existing claimants' payouts.

10. We also request the Judge to compel Titlemax to produce the original of the title that was presented to them for the loan and not their recreated title.

WHEREFORE, Debtor prays that you deny the termination of the stay and deny all fees, expenses to Paul and Titlemax. Lastly, please remind

them that they could have picked up the phone and settled this instead of routing my family in stress. This document is signed on 7/10/2021.

*[signature]*                                              *[signature]*

Gary & Michele Washington                    Attachment Check 7k
1324 Furman Drive                                    Email: From Paul to Michele
Sumter, SC 29154                                      Emails: From Gary to Paul
Gawcpi1962@gmail.com                          Emails: From Paul to Gary

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISON

IN: RE; MICHELE ANNE WASHINGTON )            CHAPTER 13
                                        )
Debtor,                                 )    CASE NO. 20-03482-DD

TITLEMAX OF SOUTH CAROLINA,
INC.                                         CONTESTED MATTER

         MOVANT,

Vs

MICHELE ANNE WASHINGTON
GARY A. WASINGTON, PAUL HELD
And PAMELA SIMMONS-BEASLEY, Trustee

Respondents

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day he has served the foregoing on the following (if by U.S. Mail, with proper postage affixed thereto0:

Paul L. Held, Esq,
heldlawoffice@yahoo.com

Pamela Simmons-Beasley, Trustee
Katherine@chapter13trustee.net

Nathan E. Huff, Movant for Titlemax
Nhuffonehlaw.com

    This 12th day of July, 2021,                    Gary & Michele Washington
                                                    Respondent

1