UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Michele Anne Washington,



Debtor.

C/A No.: 20-03482-dd

Chapter 13


**ORDER**

Pending before the Court is approval of a proposed modification of the debtor's confirmed chapter 13 plan. Michele Anne Washington ("Debtor") filed a Motion to Modify Plan After Confirmation on August 8, 2021. (Dkt. Nos. 64, 65). The motion proposed to substitute creditor "Titlemax" for "Auto Money" regarding a claim secured by a 2011 Cadillac (the "Vehicle"). On August 17, 2021, TitleMax of South Carolina, Inc. ("TitleMax" or "Creditor") filed an objection. (Dkt. No. 72).

Previously, on January 25, 2021, the Debtor's chapter 13 plan was confirmed. (*See* Dkt. Nos. 45, 51). According to § 1329(b)(2), a confirmed plan may be modified and the plan as modified becomes the plan, unless the modification is disapproved. The Court held a hearing on September 14, 2021, attended by counsel for the Debtor. TitleMax's objection was fully considered. At the hearing, the Court overruled TitleMax's objection and approved modification of the plan by oral ruling, with written order to follow.

On or around October 24, 2019, TitleMax entered into a supervised loan agreement, promissory note, and security agreement (collectively, the "Agreement") with Mr. Gary Washington ("Washington"), Debtor's spouse. Washington pledged the Vehicle as collateral for the loan. TitleMax objects to the plan on the basis that Debtor is not personally obligated on the

debt to TitleMax. The title to Vehicle is held jointly by Washington and Debtor. Creditor asserts

the debt cannot therefore be treated in Debtor's chapter 13 plan. TitleMax posits Washington is

solely liable under the Agreement and Debtor is not liable in any amount to TitleMax. TitleMax

objects to the plan on the basis that Debtor seeks to restructure debt she is not liable for and an

agreement to which she was not a party.

A "claim," as defined by the Bankruptcy Code is meant to be read broadly. *Johnson v.*

*Home State Bank*, 501 U.S. 78 (1991). *See also F.C.C. v. NextWave Personal Communications*

*Inc.*, 537 U.S. 293 (2003). A claim is defined as a "right to payment, whether or not such right is

reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A) (2021). The terms

"debt" and "claim" are coextensive. *See* § 101(12). The Bankruptcy Code provides the phrase

"claim against the debtor," as used in the Code, includes a claim against property of the debtor. §

102(2). Here, the title of the Vehicle reflects Debtor as a co-owner. As such, Debtor is subject to

losing the Vehicle and is without a remedy if unable to treat the debt in the plan. Mindful that

Congress intended to incorporate the broadest available definition of "claim" subject to inclusion

in an approved chapter 13 reorganization plan, the Court concludes there is a right to payment that

can properly be treated in the Debtor's plan. *See* §§ 101(5), 1301 et seq., 1322(b)(2, 6). *Johnson*,

501 U.S. at 83 (1991). The "plain meaning of a 'right to payment' is nothing more nor less than

an enforceable obligation. . . ." *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552,

559 (1990).

TitleMax objects on the alternative basis that Debtor's modified plan does not pay

TitleMax all amounts due under the Agreement and at the interest rate called for therein; therefore,

Washington would remain liable for remaining amounts due thereunder and TitleMax would retain

2

its lien on the Vehicle. This may be true, but is of no consequence in considering confirmation or

post-confirmation modification. The Court finds that to the extent Washington's obligation is not

extinguished upon the conclusion of Debtor's plan, TitleMax must postpone pursuing that

obligation until the completion of the bankruptcy case or if relief from the co-debtor stay is granted.

With the Court's approval, the modified plan becomes the plan and is binding on Debtor and

Creditor. The modification is approved and is the plan.

IT IS SO ORDERED.

**FILED BY THE COURT**
**09/23/2021**



Entered: 09/23/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina